Bigger, J.
This case is submitted under the provisions of Section 5207, Revised Statutes, which authorizes parties having a controversy to submit it to the court upon an agreed statement of facts.
As this statement is somewhat lengthy, I will not now stop to recite the facts, but will state my conclusions.
*151 The questions here presented are of interest and somewhat unusual and apparently have not been before the courts of this state so far as appears from any reported cases.
After a somewhat careful consideration of the questions here raised, I am of opinion that the mechanic’s lien of Bergin is a valid lien and entitled to priority over the other claimants; that the defendant, Braun, has no lien, and that the administrator of Westeamp’s estate is entitled to the remainder of the fund after the payment of the lien of Bergin. In brief, my reasons for this decision are these:
Upon the death of Westeamp the contract between him and Marion was terminated, or at least it was within the power of his personal representatives to terminate it with the consent of the court, which was done (8 Ohio State, 450).
The mechanics lienors were sub-contractors performing labor and furnishing material under the contract with Westeamp, the head contractor. They could not after his death either perform labor or furnish material so as to charge his estate. Then-rights, whatever they were, were fixed and determined at the death of the head contractor unless his personal representative should see fit to complete the same under the original contract. From this it follows that the defendant, Braun, not having served notice upon the owner within ninety days from the date of his death, and that of the furnishing of the last material and labor which in my view of the case he could furnish so as to charge the head contractor, has no mechanic’s lien and his attempt to perform some labor under this contract after the death of Westeamp, and after the contract had been terminated under which the labor was performed and material furnished, was ineffective to save the notice of March 21, which was subsequent to the time the contract was annulled, from the bar of the statute.
It was, however, the right of sub-contractors having performed labor and furnished material before the death of the head contractor to perfect their lien after his death as provided by law. Their rights had attached under the contract prior to the death of Westeamp by the furnishing of labor and material, and his death could not prevent them from taking *152 those steps which were necessary under the mechanics’ lien law to preserve their lien. The labor was performed and the materia] furnished under the contract during its existence, and the law furnishes the remedy to such sub-contractors which can not be taken away by the death of the head contractor. The personal representative stands in no better position than the head contractor and can no more defeat the right of sub-contractors who have taken the requisite steps to perfect their liens than could the head contractor.
L. F. Sater, for plaintiff.
Snyder & Clutoe, for defendant.
It seems to me that the case here presented is not analogous to that of a tona fide assignment of a claim by a head contractor, or the appointment of a receiver at the suit of creditors. The law looks with a favorable eye upon a diligent creditor, and where they have taken steps to secure their claims prior to the notice by the sub-contractors to the owners, the rights of the sub-contractors are inferior to the rights o.f such creditors.
But I do not see any force in the contention that a fund due to the head contractor at the time of his death, but not having passed into his possession, nor afterwards into the possession of his personal representative, but still remaining in the hands of the owner, is not subject to a lien in favor of the sub-contractor, who takes the requisite steps to perfect his lien under the statute. From this it follows that the plainiff has a valid lien upon the fund which is prior to any right of that of the administrator of Westcamp. The defendant, Braun, however, having secured no valid lien, stands only in the position of a general creditor of the estate of Westcamp.
While I find no cause in which the exact questions here raised were decided, I call attention to a case decided by Judge Storer of Cincinnati and reported in 2d Disney, at page 184, which is somewhat similar and instructive.